UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cr-80-RJC-DSC-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| | ) | |
| CARNELL CHARLES CAPLE, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Defendant's pro se "Motion to Preserve 18 U.S.C. 922(g) Issue that is Sure to Reach the United States Supreme Court" [Doc. 32] that appears to be a Motion to Vacate pursuant to 28 U.S.C. § 2255.

The Defendant pleaded guilty to possession with intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [See Doc. 15 (Plea Agreement)]. He was sentenced to 64 months' imprisonment followed by three years of supervised release in a Judgment entered on November 19, 2021. [Doc. 25]. He did not appeal.

On April 30, 2023, Defendant filed a *pro se* Motion for Compassionate Release in which he requested a sentence reduction. [Doc. 28]. The Court denied relief on July 26, 2023. [Doc. 31].

The Defendant filed the instant "Motion to Preserve…" on March 21, 2024.[1] He states that he anticipates challenging the constitutionality of his § 922(g)(1) conviction and sentence because

---

[1] The docketing date is used here because the Defendant does not certify the date upon which he placed the Motion in the prison mail system. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

it is potentially illegal pursuant to developing Supreme Court case law.

Before this Court construes the "Motion to Preserve…" as a Motion to Vacate under § 2255, it must "inform[] the litigant of its intent to recharacterize, warn[] the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provide[] the litigant with an opportunity to withdraw, or amend, the filing." United States v. Castro, 540 U.S. 375, 383 (2003). Pursuant to Castro, the Court now warns the Defendant that this recharacterization means that any subsequent § 2255 petitions will be subjected to the restrictions on "second or successive motions," that is, he may not bring a second or successive motion under § 2255 without first obtaining certification by a panel of the appropriate court of appeals. See 28 U.S.C. § 2255(h). Such certification is rarely granted. In addition, the Court now provides Defendant with the opportunity to withdraw the "Motion to Preserve…" or to amend it so that it contains all of the § 2255 claims he wishes to present. Castro, 540 U.S. at 383.

The Court further cautions the Defendant that a Motion to Vacate must be submitted on, or substantially follow, the prescribed form and: (1) specify all the grounds for relief available to him; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury. Rule 2(b)-(c), 28 U.S.C. foll. § 2255. The Defendant's "Motion to Preserve ..." does not substantially follow the required form and it is not verified (signed under penalty of perjury). See Rule 2(b)(5), 28 U.S.C. foll. § 2255.

Further, it appears that the "Motion to Preserve ..." may be subject to dismissal with prejudice as time-barred because it was filed more than one year after Defendant's conviction and sentence became final. A one-year period of limitations applies to § 2255 petitions, that runs from the latest of:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). Further, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). The Defendant's present "Motion to Preserve ..." was filed more than one year after Defendant's conviction and sentence became final, and the Defendant has failed to demonstrate why it should be considered timely under § 2255.

The Defendant shall have thirty (30) days in which to file a Notice withdrawing the "Motion to Preserve ...," if he does not wish for it to be recharacterized as a § 2255 Motion to Vacate. On the other hand, if the Defendant does wish to proceed under § 2255, he shall have thirty (30) days to file a superseding Amended Motion to Vacate that corrects the deficiencies identified in this Order or otherwise states a claim for relief. Piecemeal amendment will not be permitted.

3

Any Amended Motion to Vacate will be subject to all applicable timeliness and procedural requirements. See generally 28 U.S.C. § 2255; Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back). Additionally, the Defendant will be required to address in his Amended Motion to Vacate why such should not be dismissed as untimely. See Hill, 277 F.3d at 706.

Should the Defendant fail to withdraw the "Motion to Preserve ..." in accordance with this Order, it will be recharacterized as a § 2255 Motion to Vacate. If the Plaintiff proceeds under § 2255 and fails to correct the deficiencies identified in this Order, the Motion to Vacate will be dismissed without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. The Defendant shall have **thirty (30) days** to either: file a superseding Amended Motion to Vacate that corrects the deficiencies identified in this Order; or file a Notice withdrawing the "Motion to Preserve ...," rather than having it recharacterized as a Motion to Vacate.

2. If the Defendant does not timely file a Notice withdrawing his "Motion to Preserve ...," it will be recharacterized as a § 2255 Motion to Vacate. Should the Defendant fail to amend his Motion to Vacate in accordance with the terms of this Order, the § 2255 action will be dismissed without further notice.

3. The Clerk is respectfully instructed to mail the Defendant a blank § 2255 form and a copy of this Order.

Signed: March 25, 2024

Robert J. Conrad, Jr.
United States District Judge