UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cr-80-RJC-DSC-1

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| CARNELL CHARLES CAPLE, JR., | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's pro se "Motion to Preserve 18 U.S.C. 922(g) Issue that is Sure to Reach the United States Supreme Court" [Doc. 32].

## I. BACKGROUND

The Defendant pleaded guilty to possession with intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [See Doc. 15 (Plea Agreement)]. He was sentenced to 64 months' imprisonment followed by three years of supervised release in a Judgment entered on November 19, 2021. [Doc. 25]. He did not appeal.

On April 30, 2023, Defendant filed a pro se Motion for Compassionate Release in which he requested a sentence reduction. [Doc. 28]. The Court denied relief on July 26, 2023. [Doc. 31].

The Defendant filed the instant "Motion to Preserve…" on March 21, 2024.[1] [Doc. 32]. He states that he anticipates challenging the constitutionality of his § 922(g)(1) conviction and sentence because it is potentially illegal pursuant to developing Supreme Court case law.

---

[1] The docketing date is used here because the Defendant does not certify the date upon which he placed the Motion in the prison mail system. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

On March 25, 2024, the Court entered an Order informing Defendant that it intended to recharacterize the "Motion to Preserve…" as a § 2255 Motion to Vacate, and providing him warnings pursuant to United States v. Castro, 540 U.S. 375, 383 (2003). [Doc. 34]. The Court cautioned the Defendant that the "Motion to Preserve…" does not substantially follow the required § 2255 form, is not verified, and it appears to be subject to dismissal with prejudice as time-barred. [Id. at 2-3]. The Court granted Defendant 30 days in which to: file a Notice withdrawing his Motion if he did not wish for it to be recharacterized; or to file a superseding Amended Motion to Vacate that corrects the deficiencies identified by the Court, demonstrates that it is not time-barred, and otherwise states a claim for relief. He was informed that the failure to timely comply with the Court's Order would result in the recharacterization of the "Motion to Preserve…" as a § 2255 Motion to Vacate, and its dismissal without further notice. [Id. at 3-4].

The Defendant has not responded to the Court's Castro Order and the time to do so has expired. The "Motion to Preserve…" is, therefore, recharacterized as a § 2255 Motion to Vacate.

**II.    SECTION 2255 STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the Defendant is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments

presented by Defendant can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III.     DISCUSSION

A one-year period of limitations applies to § 2255 petitions, that runs from the latest of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). Further, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. McQuiggin v. Perkins, 569 U.S. 383, 392 (2013).

Defendant's Judgment became final on December 3, 2021, when the 14-day period to file a notice of appeal expired. See Fed. R. App. P. 4(b)(1), (b)(6); United States v. Osborne, 452 F. App'x 294, 295-96 (4th Cir. 2011). Defendant filed the instant § 2255 Motion to Vacate on March

3

21, 2024, more than a year and three months late. It is thus untimely pursuant to § 2255(f)(1) and the Defendant has failed to demonstrate why his Motion to Vacate was timely filed under any other theory. The Motion to Vacate is, therefore, dismissed with prejudice as time-barred.[2]

## IV. CONCLUSION

For the foregoing reasons, the "Motion to Preserve…" is recharacterized as a § 2255 Motion to Vacate, and it is dismissed with prejudice as time-barred.

**IT IS, THEREFORE, ORDERED** that:

1. The Defendant's "Motion to Preserve 18 U.S.C. 922(g) Issue that is Sure to Reach the United States Supreme Court" [Doc. 32] is recharacterized as a Motion to Vacate pursuant to 28 U.S.C. § 2255, and it is **DISMISSED WITH PREJUDICE**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a Defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a Defendant must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

---

[2] Defendant's "Motion to Preserve…" is not signed under penalty of perjury and dismissal is also warranted on that basis. See Rule 2(b)(5), 28 U.S.C. foll. § 2255; 28 U.S.C. § 1746.

**IT IS SO ORDERED.**

Signed: May 30, 2024

Robert J. Conrad, Jr.
United States District Judge